# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:18CR00025-025 |
| v. ) | **OPINION** |
| ) | |
| **MELISSA DARLENE BARRETT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Melissa Darlene Barrett, Defendant Pro Se.*

The defendant, Melissa Darlene Barrett, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

After pleading guilty, the defendant was sentenced by this court on June 11, 2019, to a total term of 168 months imprisonment, consisting of 168 months on Count One of the Indictment and 168 months on Count Fourteen, to run concurrently. Count One charged the defendant with conspiracy to distribute and possess with the intent to distribute a mixture and substance containing 500 grams or more of a detectable amount of methamphetamine and heroin and knowingly and intentionally using a communication facility to facilitate a felony controlled

substance offense, in violation of 21 U.S.C. §§ 841(b)(1)(A), (C), 843(b), (d), and 846.[1] Count Fourteen charged her with distributing and possessing with intent to distribute a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.

In her § 2255 motion, the defendant asserts five grounds for relief. In Ground One, Barrett asserts that her counsel provided ineffective assistance by not objecting to the application of U.S. Sentencing Guidelines Manual (USSG) § 4A1.1(d). In Ground Two, she contends that her counsel was ineffective in failing to request a shorter sentence based on Barrett's mental health history, lack of criminal history, minor or minimal role, Amendment 794 and 18 U.S.C. § 3553 factors, and her belief that the sentence she received was greater than necessary. In Ground Three, Barrett argues that her counsel was ineffective in failing to request a psychiatric evaluation and in not bringing her mental illness to the court's attention. In Ground Four, Barrett contends her counsel provided ineffective assistance when he failed to request application of the so-called safety valve. Finally, in Ground Five, Barrett claims her counsel was ineffective in failing to request a reduction in her sentence under Rule 35 or 5K because she provided substantial assistance to the government.

---

[1] While Count One charges that the object of the conspiracy also included heroin, no quantity of heroin is attributed to the defendant.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.  To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.  To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pled guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that she would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the guilty plea context, a petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010).

A.

In her first ground, Barrett argues that she was not under a criminal justice sentence when she committed the offenses of conviction in this case, and therefore USSG § 4A1.1(d) did not apply. She contends her counsel should have challenged the application of that guideline provision, which added two criminal history points.

Barrett was under a state sentence of probation that ended in June 2016. In this case, she pled guilty to a conspiracy that began on January 1, 2016 and lasted until October 23, 2018. She also pled guilty to a distribution charge that occurred on January 5, 2018. The presentence investigation report (PSR) indicates that she was in fact involved with distributing methamphetamine with coconspirators as early as 2015, while she was still under a state sentence of probation. These facts satisfy the requirements of USSG § 4A1.1(d). Barrett's counsel did not commit an

unprofessional error when he chose not to object to the application of that guideline provision, and she was not prejudiced by any failure in that regard.

B.

In Ground Two, Barrett claims her counsel was ineffective in failing to seek a lower sentence. First, she contends she should have received a role reduction in her sentencing guidelines calculation pursuant to Amendment 794 and USSG § 3B1.2 because she had a minor or minimal role in the conspiracy. Second, she claims that her counsel failed to argue that her mental health history and other factors set forth in 18 U.S.C. § 3553 warranted a lower sentence.

At her guilty plea hearing, the government recited, and Barrett did not dispute, the following facts:

> The government would present evidence that between the dates alleged in the indictment large quantities of methamphetamine were being transported from California to the Western District of Virginia and the Eastern District of Tennessee, specifically in the Bristol, Virginia, Bristol, Tennessee, and Abingdon, Virginia areas, by Shawn Farris and Sean Maidlow, who would then break up those large quantities of methamphetamine into smaller quantities of methamphetamine, which would then be provided to subdistributors for further distribution within those communities.
>
> The government would also present evidence that one of the means of transportation of those items was either through the mails or UPS, FedEx delivery services that would be shipped by Mr. Farris and others, Mr. Maidlow and others to the Abingdon area.
>
> Ms. Barrett was one of the individuals that was receiving packages of methamphetamine shipped to her residence. She would then take those quantities of methamphetamine and either distribute

>them all herself or break them up into smaller quantities to be distributed to further subdistributors who would distribute it in the communities.
>
>Ms. Barrett would then package up the proceeds of those drug transactions and mail them or ship them via a delivery service back to California to Mr. Farris and others.
>
>The government would also present evidence that she knew that the purpose of the agreement was to possess with intent to distribute and to distribute at least 500 grams of methamphetamine, and, specifically, she knew the offense that she was involved in included at least 1.5 kilograms of extremely pure methamphetamine, known as ice, and that certificates of analysis of methamphetamine seized from the conspiracy indicated that methamphetamine was of a purity level in excess of 85 percent.
>
>Finally, the government would present evidence that on or about January 5th, 2018, the defendant engaged in a transaction with Susan Nicole Payne to distribute methamphetamine, and that Ms. Payne distributed that methamphetamine to a confidential informant who was working with local law enforcement that was investigating the drug-trafficking conspiracy.

Guilty Plea Hr'g Tr. 17–19, ECF No. 1131.

Barrett's PSR also details her extensive involvement in distributing methamphetamine over many months. PSR 46–49, ECF No. 534. I find that Barrett did not play a minor or minimal role in the drug distribution conspiracy. Her counsel did not commit an unprofessional error in failing to argue for a role reduction, and his decision not to do so did not prejudice Barrett, as I would have denied such a request. As I stated at her sentencing hearing, "Ms. Barrett was really at the center of it." Sent. Hr'g Tr. 12, ECF No. 942.

Contrary to Barrett's assertions, her counsel did argue that her mental health history and other factors warranted a shorter sentence. At her sentencing hearing, Barrett's attorney specifically stated that "the recommended imprisonment range is greater than necessary to comply with the sentencing factors set forth in 18, U.S.C., 3553." Sent. Hr'g Tr. 5, ECF No. 942. He argued "that a sentence of 120 months, which is the minimum statutory sentence, is sufficient to meet those factors." *Id.* He specifically discussed "her mental health issues, which were initially diagnosed in the beginning of 1998 and reflected continued treatment through August of 2018." *Id.* at 6. He pointed to record evidence regarding her treatment. Barrett's mental health history was detailed in the PSR and in the bond report, both of which I reviewed prior to sentencing her.

Barrett's counsel also discussed her cooperation with law enforcement and the assistance she gave to the government. I considered all these factors in calculating an appropriate sentence. Ground Two of the § 2255 motion is therefore without merit.

## C.

In Ground Three, Barrett claims that her counsel erred in failing to request a mental health evaluation prior to her guilty plea. While Barrett does have a significant mental health history, my interactions with her during her guilty plea hearing convinced me that she understood the nature of the proceedings and the

charges against her, and that she was competent to enter a plea. I had the following discussion with Barrett and her counsel at the plea hearing:

> THE COURT: Now, Ms. Barrett, the bond report, which I've read, indicates that you've had quite extensive emotional or mental issue problems. Is that accurate?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you've been hospitalized numerous times in a number of hospitals for that condition; is that correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And, Mr. Jones, was there any mental evaluation in this case?
>
> MR. JONES: No, Your Honor. Based on our conversations with her, and we obtained a substantial amount of medical records, and I did not believe that it was necessary.
>
> THE COURT: All right.
>
> MR. JONES: I had no indication in my conversations with her that he did not understand what was happening. But according to those ports, historically she had been treated and had had some issues.
>
> THE COURT: The bond report indicates, Ms. Barrett, that you were last hospitalized for a mental health issue at Clearview in approximately 2015. Does that sound right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So you don't think you've been in a hospital for mental health issues since then; is that right?
>
> THE DEFENDANT: That's correct.

THE COURT: So are you currently taking medication for your mental health issues?

THE DEFENDANT: Yes, sir.

THE COURT: Do you know what you're taking?

THE DEFENDANT: Yes, sir.

THE COURT: What are you taking?

THE DEFENDANT: I take 200 milligrams of Lamictal a day, and I take Topamax, 15 milligrams.

THE COURT: And how is that medication working out for you? Do you feel it helps you?

THE DEFENDANT: Uh-huh. I feel stable.

THE COURT: When is the last time that you saw a mental health provider, a psychiatrist or psychologist?

THE DEFENDANT: September of this year.

THE COURT: Was that at Highlands Community Services?

THE DEFENDANT: Yes.

THE COURT: All right. And was that a psychiatrist, by the way?

THE DEFENDANT: Yes. Dr. Abeleda.

THE COURT: And did he tell you that you ought to be taking something or doing something that you're not doing? In other words, did he think you were okay at least under the medication that you were taking?

THE DEFENDANT: Yeah, she said I was doing very good.

THE COURT: All right.

>   THE DEFENDANT: So did my care — I have a care coordinator there too named Tammy Davis, and she said I was doing very well.
>
>   THE COURT: Is that somebody at Highlands?
>
>   THE DEFENDANT: Yes.
>
>   THE COURT: You also indicated or reported that you had a couple of suicide attempts back several years ago. Have you had any suicide feelings or desires, what they call ideations, in the last few years?
>
>   THE DEFENDANT: No, sir.
>
>       . . .
>
>   THE COURT: And nothing that you're taking affects your ability to understand what's happening today?
>
>   THE DEFENDANT: No, Your Honor.
>
>   THE COURT: And, again, Mr. Jones, do I take it that you believe your client is competent to enter a plea at this time?
>
>   MR. JONES: I do, Your Honor.

Guilty Plea Hr'g Tr. 3–6, ECF No. 1131.

I found that Barrett was fully competent and capable of entering an informed plea. *Id.* at 20. In support of that finding, I stated the following:

>   I would note that the defendant does have an extensive mental health history, but based upon my examination of the defendant today and the information before me in the bond report and her attorney's representation to me, it is apparent to me that the defendant is fully competent and capable of entering an informed plea.
>
>   I also find that she is aware of the nature of the charges and the consequences of her plea, and that her plea of guilty is a knowing and voluntary plea supported by an independent basis in fact as to each of the essential elements of the crimes charged.

*Id.* Barrett has offered no evidence to contradict these findings.

To the extent Barrett argues that the lack of a mental health evaluation affected my calculation of her sentence, I reject that contention. As indicated above, both the bond report and the PSR thoroughly discussed her mental health history, and I considered her mental illness in determining the appropriate sentence. Barrett has not shown that she was prejudiced by the lack of a mental health evaluation, as required by *Strickland*, so this ground must be denied.

While not alleged as a ground in her § 2255 motion, Barrett states in a memorandum filed with her motion that her attorney was ineffective "for not filing an appeal on [her] behalf stating that she was not competent mentally at the time she signed the plea agreement." Mem. of Law 7, ECF No. 1023-1. Barrett does not allege that she instructed her attorney to appeal, but even assuming that the attorney did not consult with her about an appeal, I do not find that this would amount to a deficient performance or that it prejudiced her, in light of my finding that she was competent, and that a rational defendant would not wish to appeal that issue under the circumstances. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

### D.

Ground Four of Barrett's § 2255 motion claims that her attorney was ineffective in not requesting application of the safety valve provision of 18 U.S.C. § 3553(f), which allows the court to sentence a defendant to a term below the

statutory mandatory minimum sentence of imprisonment. Barrett can show no prejudice from this perceived error because her counsel requested a sentence of ten years, the mandatory minimum, but I instead sentenced her to a longer term of imprisonment. Given that I declined the request to sentence her to the mandatory minimum, I clearly would not have sentenced her to below the mandatory minimum pursuant to the safety valve provision had her attorney argued for such a sentence.

E.

In the final ground of her § 2255 motion, citing Federal Rule of Criminal Procedure 35 and USSG § 5K1.1, Barrett argues that her counsel provided ineffective assistance in failing "to request the prosecutor to credit Barrett" for the assistance she provided the government. § 2255 Motion 10B, ECF No. 1023. She also claims that the government promised her that it would move for a sentence reduction.

Defense counsel, of course, cannot move for a sentence reduction based on substantial assistance; only the government can do so. At Barrett's sentencing hearing, the government highlighted the assistance she provided, stating:

> [S]he has cooperated, really from the outset of the investigation's attention on her, and has proffered and testified in the grand jury and has assisted the investigation. Although at this point in time, at this stage in the case there are still other defendants to be tried, of course, the government is not able to fully evaluate the extent of her assistance and whether or not it would be considered substantial. So the government has no motion for the court at this time.

Sent. Hr'g Tr. 4, ECF No. 942. Later, defense counsel further expounded upon Barrett's assistance:

> Following the execution of the search warrant on her residence in March 16 of 2018, at that time she gave a voluntary statement to the law enforcement which regarded her involvement with co-defendant Shawn Farris and others with the distribution of methamphetamine. Subsequent to that day, she participated with law enforcement in arranging follow-up shipments of methamphetamine from Mr. Farris on April the 5th of '18, April the 13th of '18, of 121 and 118 grams of methamphetamine respectively.
>
> Following her initial arrest and initial appearance on the criminal complaint, she agreed to be interviewed by law enforcement and a proffer session was conducted on October the 18th. During that proffer she provided details of her involvement and the distribution of methamphetamine by others in our community.
>
> She appeared before a federal grand jury as a government witness on October the 24th, wherein she acknowledged her involvement in the criminal activities alleged in the indictment, as well as the others'. On October the 24th, she and others, of course, were indicted by the grand jury.

*Id.* at 6–7.

During her guilty plea hearing, the prosecutor advised Barrett that even if she fully cooperated with law enforcement, the government was under no obligation to move for reduction of her sentence. Guilty Plea Hr'g Tr. 9–10, ECF No. 1131. The prosecutor further explained that if the government made such a motion, it would be up to the court to decide how much of a reduction would be given, if any. *Id.* at 10. Barrett testified that those were the terms of her plea agreement. *Id.* at 11. I asked Barrett, "Has anyone made any promise to you other than those made in the plea

agreement that caused you to want to plead guilty?" *Id.* She responded, "No, Your Honor." *Id.* Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).

Even if defense counsel had some obligation to ask the government post-sentencing to request a sentence reduction, Barrett has presented no evidence that her attorney failed to make such a request of the government. She bears the burden of proof on her § 2255 motion, and she has not carried that burden.

F.

In her response to the government's motion to dismiss, Barrett suggests that her attorney told her she would receive a shorter sentence than the one I ultimately gave her. At her guilty plea hearing, I explained that Barrett was facing a mandatory minimum sentence of ten years and a maximum possible sentence of life in prison. Guilty Plea Hr'g Tr. 12, ECF No. 1131. She testified that she understood that her guidelines range would not be determined until later and that I had the authority to impose a more severe or less severe sentence than that recommended by the guidelines. *Id.* at 13-14. I asked her, "Do you understand that your sentence may be different from any estimate that your lawyer may have given you?" and she

replied, "Yes, Your Honor." *Id.* at 14.  Any contradictory assertions she now makes in support of her § 2255 motion are not credible.

Additionally, in her reply brief, Barrett claims her counsel did not fully develop the record regarding her mental illness and erred in failing to call character witnesses at sentencing.  But she does not indicate what other evidence her attorney should have presented to the court, and she does not offer any additional evidence now.  Her conclusory statements are inadequate to carry her burden of proof.  She has not demonstrated that she is entitled to relief, and her motion will be denied.

### III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED:   January 28, 2021

/s/  JAMES P. JONES
United States District Judge