# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:18CR00025-025 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MELISSA DARLENE BARRETT,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*S. Cagle Juhan*, Assistant United States Attorney, Charlottesville, Virginia, for United States; *Erin Trodden*, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

The court considers whether to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (USSG). While the defendant is eligible for a guideline reduction, and a resulting sentence reduction, the disputed issue is whether this reduction under Amendment 821 also enables her to be potentially eligible for an additional reduction under the drug offense safety valve.

I.

Melissa Darlene Barrett was sentenced by this court on June 11, 2019, following her convictions for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count 1), and the distribution of methamphetamine, in violation of 21

U.S.C. §§ 821(a)(1) and 841(b)(1)(A) (Count 14).  At the time of her sentencing, Barrett had a Criminal History Score of three, which established a Criminal History Category of II.  In conjunction with a Total Offense Level of 33, the defendant's sentencing range was 151 to 188 months.  She was sentenced in the middle of that range to 168 months imprisonment, consisting of the same term on each count to run concurrently.

As a result of the application of Part A of Amendment 821, her scoring is now revised to a Criminal History Score of one, which produces a Criminal History Category of I and a resulting sentencing range of 135 to 168 months' incarceration.  A comparable reduction to her original sentence under Amendment 821 would be to 150 months, the middle of the reduced range.  Addendum to Presentence Report 1, ECF No. 1460.

The parties agree that the defendant is at least eligible for a reduction of her sentence from 168 months to 150 months.  However, the defendant requests a greater sentence reduction to 120 months, the statutory mandatory minimum for her crimes.  She argues that with a Criminal History Category of I rather than II, she now qualifies for the "safety valve" reduction under USSG § 5C1.2(a).  In opposition, the government contends that Amendment 821 may only be used to modify a defendant's Criminal History Category and may not, in turn, retroactively change a defendant's Total Offense Level.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 authorizes reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Such policy statements concerning modifications of sentences under § 3882(c)(2) are mandatory, rather than merely advisory. *Dillon v. United States*, 560 U.S. 817, 829 (2010).

The Sentencing Commission adopted Amendment 821, effective November 1, 2023. 88 Fed. Reg. 28254-01 (May 3, 2023) 2023 WL 3199918. Part A of Amendment 821 has the effect of lowering the Criminal History Score by eliminating in its calculation so-called "status points" for defendants, like Barrett, with six or fewer Criminal History Points. The Sentencing Commission later made this amendment retroactive to sentences previously imposed. USSG Supp. app. C Amendment 825, at 260–63. Accordingly, two of Barrett's Criminal History Points previously imposed are inapplicable.[1] Because she now has only a Criminal History

---

[1] The defendant's Presentence Investigation Report (PSR) provides as follows as to her status points:

Score of one, Barrett contends that she should receive the benefit of the guideline's safety valve provision, USSG § 2D1.1(b)(17), which would lower her Total Offense Level to 31, with a sentencing range of 120 to 135 months.[2]

When applying guidelines amendments, the court must determine the amended guideline range that would have been applicable if the relevant amendment had been in effect at the time of sentencing. USSG § 1B1.10(b). When so determining, the court "shall substitute *only* the amendments listed . . . *and shall leave all other guideline application decisions unaffected.*" *Id*. (emphasis added). Then, the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." *Id*.

The court is thus required to follow the direction of the policy statement that other guideline decisions are unaffected by Amendment 821. The defendant is not eligible for a reduction under the safety valve.

---

> The defendant committed the instant offense while under a criminal justice sentence for Possession of Alpha-Pyrrolidinovalerophenone, docket number CR14-1161 from Bristol Circuit Court; therefore, two points are added. USSG § 4A1.1(d).

PSR ¶ 336, ECF No. 534. The parties stipulated in the defendant's Plea Agreement to the application of the 2016 edition of the Guidelines Manual. Plea Agreement 4, ECF No. 230.

[2] Without the statutory mandatory minimum sentence of 120 months, the sentencing range for a defendant with a Total Offense Level of 31 with a Criminal History Category of I would be 108 to 135 months. When a mandatory minimum applies, it constitutes the bottom of any range above the mandatory minimum sentence.

II.

Even when a defendant is eligible for a reduced sentence under Amendment 821, the court must still consider the applicable 18 U.S.C. § 3553(a) factors. I find for the reasons stated by the parties, a reduction as indicated will continue to support the need for adequate deterrence and the protection of the public and is appropriate under § 3553(a).

Considering the foregoing, I will grant the defendant relief under Amendment 821. A separate Order will be entered reducing her total sentence to 150 months, consisting of the same term on each count to run concurrently, but in no event less than time served.

DATED: March 12, 2024

/s/  JAMES P. JONES
Senior United States District Judge